## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA DENNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGHAM AND WOMEN'S HOSPITAL, INC.,<br><br>　　　　　Defendant. | Case No. 1:24-cv-12980<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, MIDDLESEX SUPERIOR COURT, CASE NO. 2481CV02966 |

### NOTICE OF REMOVAL

Defendant Brigham and Women's Hospital, Inc., ("BWH" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Middlesex Superior Court.  In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND AND TIMELINESS

1.　　On or about November 11, 2024, Plaintiff Linda Denning ("Denning" or "Plaintiff") filed her complaint in the Commonwealth of Massachusetts, Middlesex Superior Court, titled, *Linda Denning v. Brigham and Women's Hospital, Inc.,* Docket No. 2481CV02966 (the "State Court Action")

2.　　On November 19, 2024, counsel for Defendant Brigham and Women's Hospital, Inc. accepted service of a copy of the Complaint and civil action cover sheet on its behalf.  A copy of all "process, pleadings and orders" received by Defendant in the state court action are attached as **Exhibit A**.  *See* 28 U.S.C. § 1446(a).

3.      Because Defendant has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

## THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5.      In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). *See* **Exhibit A**, Count I.

6.      Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Accordingly, because this action alleges violations of Title VII, this action arises under federal law.  28 U.S.C. § 1331.  The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

8.      Additionally, this Court has supplemental jurisdiction over Plaintiff's companion state law claims under Massachusetts Chapter 151B (Ex. A, Count II) and common law (Ex. A, Count III) pursuant to 28 U.S.C. § 1367.

## VENUE AND NOTICE

9.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Middlesex Superior Court, Commonwealth of

314837985v.1

Massachusetts.  Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

10.    Prompt written notice of this Notice of Removal has been sent to Plaintiff through her counsel, and to the Clerk of Court for Middlesex Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as **Exhibit B**.

**CONCLUSION**

11.    Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367; therefore, the Court properly may exercise jurisdiction over this lawsuit.  28 U.S.C. §§ 1441(a).

12.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

13.    Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

3

DATED: December 3, 2024

Respectfully submitted,

BRIGHAM AND WOMEN'S HOSPITAL INC.,

By its attorneys:

*/s/Kristin G. McGurn*

Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Dawn Solowey (BBO No. 567757)
dsolowey@seyfarth.com
Michael E. Steinberg (BBO No. 690997)
msteinberg@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:      (617) 946-4800
Facsimile:      (617) 946-4801P

314837985v.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 3, 2024, a copy of the foregoing Notice of Removal was filed electronically through the Court's ECF system.  Electronic copies were served on the following counsel for plaintiff:

John G. Mateus
400 W. Cummings Park
Suite 1725-119
Woburn, MA 01801
john@MateusLaw.com

*/s/ Kristin G. McGurn*
Kristin G. McGurn