**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LINDA DENNING,<br>Plaintiff,<br><br>v.<br><br>BRIGHAM AND WOMEN'S HOSPITAL, INC.;<br>Defendant. | Case No.1:24-cv-12980-JEK |

# LINDA DENNING OPPOSITION TO THE MOTION TO DISMISS

## Table of Contents

A. Standard of law for a motion to dismiss for religious discrimination..............................2
B. Ms. Denning's alleges sufficient facts to support her claim of religious discrimination, and the MCAD already found probable cause as to her charges......2
C. Ms. Denning's complaint was filed within the statue of limitations for her Chapter 151B claim....4
D. Although she did not receive an EEOC right-to-sue letter, Ms. Denning exhausted all other administrative remedies for her Title VII claim.....5
E. Ms. Denning's claim for intentional infliction for emotional distress is not precluded by the WCA, and her complaint adequately describes conduct to support recovery for intentional infliction of emotional distress...........................................6
 F. CONCLUSION.......................................8
CERTIFICATE OF SERVICE...............................9

Linda Denning, by her attorney, hereby opposes the Defendant's motion to dismiss.

### A.    Standard of law for a motion to dismiss for religious discrimination

On a motion to dismiss, a court should take all inferences in favor of the non-moving party and assume the allegations are true. See *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007), citing *Rogan v. Menino, 175 F.3d 75,* 77 (1st Cir. 1999): "the court 'must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom.'" To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### B.    Ms. Denning's alleges sufficient facts to support her claim of religious discrimination, and the MCAD already found probable cause as to her charges.

Ms. Denning has adequately alleged facts to support a claim of religious discrimination. Her complaint showed that she sought religious exemption from company policy, that her exemption was denied, and she was subsequently fired from her job as a result of her refusal to follow the company policy for which she sought a religious exemption. Complaint ¶¶ 5-8. Ms. Denning's complaint states that she "sought a religious exemption from the Employer's required policy for COVID-19 vaccination." Complaint ¶ 5. Ms. Denning then alleged that the Defendant "denied this exemption, as it did not find her religious objection to be sincere." Complaint ¶ 6. Finally, Ms. Denning alleges that, after repeated requests

by Ms. Denning for reconsideration, the Defendant "fired Ms. Denning for refusing the COVID-19 vaccine." Complaint ¶¶ 7-8.

Defendant's argue that this is not enough, that Ms. Denning's claim must fail because "the Complaint fails to identify any religious belief or practice of Plaintiff at all, let alone a *bona fide* religious belief or practice conflicting with the Vaccination Policy." Def. Memorandum p. 12. However, "religious beliefs protected by Title VII need not be acceptable, logical, consistent, or comprehensible to others ." *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981). At this beginning stage of litigation, Ms. Denning must not go into such particularity to "prove up" her belief; all that its required is that Ms. Denning state that she has a *bona fide* religious belief that was violated, which Ms. Denning stated in her complaint that she had a religious objection to the COVID-19 vaccination. Complaint ¶¶ 1-27. It is for for discovery and summary judgment for Ms. Denning to flesh out her religious belief evidence for the Defendant, not at the motion to dismiss stage.

Here, Ms. Denning's complaint alleges a straightforward religious discrimination story: the Defendant required something that violated Ms. Denning's belief, she asked for an exception and informed them of her belief; she was denied that exception and felt insulted for it; she repeatedly attempted to renew her request but was rebuffed; and the Defendant used her religious refusal to cooperate with the policy as an excuse to fire her instead of accommodating her. This is enough to put the Defendant's on notice of the charges against them,

and to state a valid claim, while discovery will yield for the Defendant the details of such religious belief.

What is more, Ms. Denning not only made numerous requests directly to the Defendant regarding this religious belief, she also filed a complaint on this matter (now withdrawn) with the Massachusetts Commission Against Discrimination (MCAD), where in probable cause for religious discrimination was found by the MCAD. See Exhibit 1 (copy of letter and investigative disposition report from MCAD). In this letter and report, the MCAD notes that it has investigated the matter and found probable cause for religious discrimination, and alerted the Defendant to this conclusion. See Exhibit 1: "found probable cause to credit the allegations in the above-referenced complaint pursuant." The Defendant is thus well aware, and has been well-aware for years, of the nature of this charge of religious discrimination, and other authorities have found that there is probable evidence of religious discrimination here.

Ms. Denning here has stated a plausible claim on the face of the complaint: that she was religiously discriminated against for her refusal to take the COVID-19 vaccine. Thus, a motion to dismiss on these grounds should be denied.

### C.    Ms. Denning's complaint was filed within the statue of limitations for her Chapter 151B claim.

Contra the Defendant's arguments, Ms. Denning also filed her complaint within the statute of limitations for her claim under G.L. c. 151B. Therefore, her complaint should not be dismissed.

Ms. Denning was fired from her job on November 10, 2021. See Exhibit 1. Ms. Denning's complaint was filed in Middlesex Superior Court on Monday November 11, 2024, three years after her firing excluding the weekend of November 9 and 10th, 2024, neither of which could be the deadline under Massachusetts law, which moved the deadline past the weekend to the first weekday which was not a holiday, which was Monday November 11, 2024. See Mass. R. Civ. P. 6(a). Thus, Ms. Denning was within the three year window to file her complaint under G.L. c. 151B.

The Defendant argues that Ms. Denning's complaint is time-barred because the clock on Ms. Denning's 151B claim allegedly began to run when the Defendant first denied Ms. Denning's request for accommodation on September 13, 2021, not when she was fired on November 10, 2021. See Exhibit 1. However, while the initial denial of the accommodation to Ms. Denning falls outside the time period, the firing itself does not, and is a discrete act separate and distinct from the denials of accommodation. The cases cited by Defendant do not in anyway combine a later firing on the discriminatory grounds with an earlier failure to accommodate on the same issue, ut instead treat them as discrete instances for 151B purposes. Therefore, Ms. Denning's termination falls within the three year statute of limitations under 151B and is not time barred.

### D.   Although she did not receive an EEOC right-to-sue letter, Ms. Denning exhausted all other administrative remedies for her Title VII claim.

Ms. Denning filed her complaint with the Massachusetts Commission Against Discrimination (MCAD) on November 22, 2021, just 12 days after she

was fired. Exhibit 1. On October 23, 2024, she filed a withdrawal of MCAD complaint to file this private right of action. Exhibit 2 (withdrawal letter and dismissal). On October 29, 2024, the MCAD formally dismissed both her MCAD case. Exhibit 2. Under 804 CMR § 1.04(12)(c), a person who files a complaint with the Massachusetts Commission Against Discrimination (MCAD) may withdraw it after 90 days in order to remove the action to court, so long as written notice is given to the MCAD. See 804 CMR § 1.04(12)(c). Thus, Ms. Denning has completely abided by the requirements of the laws and regulations to bring this Title VII claim. She received a right-to-sue dismissal from the MCAD and probable cause was found by the MCAD as to her claims. Exhibits 1-2.

However, Ms. Denning acknowledges that under current case law a "right to sue" letter from the EEOC is required for a Title VII claim in addition to the MCAD right-to-sue dismissal. Ms. Denning objects to this standard for appeal purposes.

### E. Ms. Denning's claim for intentional infliction for emotional distress is not precluded by the WCA, and her complaint adequately describes conduct to support recovery for intentional infliction of emotional distress.

Contrary to the Defendant's arguments, Ms. Denning's claim for intentional infliction of emotional distress (IIED) are not precluded by the Workers' Compensation Act (WCA). Therefore, dismissal should be denied on this count.

The recent Massachusetts Appeals Court ruling in *Spagnuolo v. Holzberg*, 98 Mass. App. Ct. 661 (2020) elucidates this proposition. In *Spagnuolo*, the

Appeals Court allowed a plaintiff to proceed with a claim for intentional infliction of emotional distress due to sexual harassment, specifically finding that the WCA did not abrogate such a claim. The Appeals Court found that the WCA does not abrogate claims for conduct that does not further the "<u>business</u> interest of the employer". *Spagnuolo* at 666-667 (emphasis in original)

Here, as in *Spagnuolo,* the actions taken by the DEP and its employees did not further the "business interest*s*" of the employer, and thus it cannot hide behind the WCA. As alleged, the Defendant's anti-religious policy and bigotry in no way affected or assisted it in doing its business.  Should the DEP wish argue that its bigoted policy and conduct were in the <u>business</u> interest of the DEP (see *Spagnuolo* at 666-667), it is free to do so as a *defense* at trial or at summary judgment. But here at the motion to dismiss stage, all that is required is that Ms. Denning state a claim such that a possible set of facts may emerge that this policy was not in the <u>business</u> interests of the Defendant. *Spagnuolo* at 666-667. This Ms. Denning has done here: she alleges that the IIED claims is based not on conduct in the business interest of the Defendant, but based on non-business interests, and the Defendant has not presented any proof to the contrary beyond mere assertion. As a result, the Defendant's arguments regarding the application of the WCA here are premature at best, and fail as a matter of law at the motion to dismiss stage.

## F.      CONCLUSION

      Ms. Denning asks that the motion to dismiss be denied.

2025-01-24_____                      _____
DATE                                                John G. Mateus, Esq.
                                                           400 W. Cummings Park
                                                           Suite 1725-119
                                                           Woburn, MA 01801
                                                           John@MateusLaw.com
                                                           617-475-0158
                                                           BBO#: 671181

# CERTIFICATE OF SERVICE

I, John G. Mateus, hereby certify that a copy of the above-referenced document was served by the CM/ECF filing system on all counsel of record.

2025-01-24
DATE

_____
John G. Mateus, Esq.
400 W. Cummings Park
Suite 1725-119
Woburn, MA 01801
John@MateusLaw.com
617-475-0158
BBO#: 671181

# **EXHIBIT 1**

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
**Phone:  (617) 994-6000 Fax:  (617) 994-6024**

Date: 8/26/2024

Linda Denning
410 Davis Road
Ashby, MA 01431

**RE: Linda Denning v. Brigham and Women's Hospital, Inc.**
**MCAD Docket Number: 21WEM02495**
**EEOC Federal Charge Number: 16C-2022-00306**

**PROBABLE CAUSE FINDING**

Dear Parties/Counsel:

You are hereby notified that I have found probable cause to credit the allegations in the above-referenced complaint pursuant to 804 CMR 1.08(1)(f)(1) (2020). A copy of the disposition is enclosed.

The Commission is charged by statute (G.L.c.151B, § 5) to try to enforce compliance with the Commonwealth's anti-discrimination laws without resort to a public hearing.  To this end, **parties and counsel** are required to attend a conciliation conference via video teleconference on Monday, December 2, 2024 at 9:30am with the Investigating Commissioner or designee.

Conciliation is difficult or impossible unless persons with authority to settle the case are present. The officer designated to appear for a business or other entity must be familiar with the case and authorized to offer an appropriate settlement.

Commission regulations require that at least ten days before the conciliation, Complainant's counsel must send a written proposal of settlement to Respondent's counsel, and at least five days before the conciliation date, the parties must hold preliminary settlement discussions. 804 CMR 1.09(2)(c) and (d) (2020).

You are advised that when a formal offer of settlement by a Respondent is acceptable to the Commission but not to the Complainant, the Commission may close the matter pursuant to 804 CMR 1.09(11) (2020). Parties are required under 804 CMR 1.09(2)(c) (2020) to make a good faith effort toward resolution during these preliminary settlement discussions, and are encouraged to make reasonable settlement offers and demands.

Be prepared to spend two to four hours at the conciliation session.  **Pursuant to 804 CMR**

MCAD Docket Number 21WEM02495, Probable Cause Finding Cover Letter                                          Page    1

**1.09(4) (2020), failure to attend the session may result in immediate certification to public hearing and/or imposition of sanctions for costs incurred by the Commission and the opposing party.  Furthermore, Complainant's failure to attend may result in dismissal of the case.**

No continuances will be granted except upon written motion to the Clerk's Office with notice to the opposing party and upon a showing of good cause.  Please direct correspondence to Vanessa Davila, via email at vanessa.davila@mass.gov or fax at 617-994-6024.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission.  Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

Sincerely,

*/s/ Monserrate Rodríguez Colón*

_____
Monserrate Rodríguez Colón
Investigating Commissioner



Cc:
Kristin G. McGurn, Esq.
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

# INVESTIGATIVE DISPOSITION

| | |
|---|---|
| Case Name: | Linda Denning v. Brigham and Women's Hospital, Inc. |
| MCAD Docket No.: | 21WEM02495 |
| EEOC Docket No.: | 16C-2022-00306 |
| No. of Employees: | 20 + |
| Investigator: | Gina Leonard, Compliance Officer |
| Recommendation: | **Probable Cause** |

Introduction

On November 22, 2021, Complainant filed a complaint alleging that Respondent discriminated against her on the basis of religion (Fellowship of Divine Tenets) in violation of M.G.L c. § 4(1), (1A), and Title VII of the Civil Rights Act of 1964, as amended.

Complainant's Allegations

Complainant alleges as follows. Complainant identifies as a member of the Christian-based Fellowship of Divine Tenets. Between 2002 and 2009, Complainant worked for Respondent as a Project Manager. In 2014, Respondent recruited Complainant to return to work as a Database Project Manager. In 2016, Respondent promoted Complainant to Senior Database Project Manager. Each year since 2016, Complainant requested and was granted a religious accommodation to be exempt from the flu vaccine.

In summer 2021, Respondent categorized Complainant, and five of the members of her team, as fully remote employees. One employee worked a hybrid work schedule. On August 10, 2021, Respondent announced that it would require all employees be vaccinated against COVID-19. On September 1, 2021, Complainant submitted a request to be exempt from the COVID-19 vaccine mandate due to her sincerely held belief that her body is a holy temple of God and that she is prohibited from consuming or injecting certain substances into her body. Respondent's Religious Exemption Review Committee responded to Complainant's request asking why she had not requested to be exempt from the flu vaccine and invited Complainant to submit additional information to support her request. On September 13, 2021, Respondent denied Complainant's request. Complainant reached out to Human Resources and the Committee to provide additional information to support her sincerely held belief and reiterated that Respondent had categorized her as a fully remote worker.

On October 20, 2021, because Complainant had not received the COVID-19 vaccines, Respondent placed her on an unpaid suspension until she became compliant with its COVID-19 vaccine mandate. On November 10, 2021, Respondent terminated Complainant's employment.

Respondent's Position

Respondent denies discriminating against Complainant and asserts the following. Respondent is an academic medical center located in Boston, MA. In 2014, Complainant began working for Respondent as a Database Project Manager, in which she oversaw a team responsible for cardiac surgery research.

On August 10, 2021, Respondent announced its Vaccination Mandate Policy, requiring all employees to be vaccinated against COVID-19 as a condition of employment, unless a medical or religious exemption was granted. On August 17, 2021, Complainant submitted her initial request to be exempt from the COVID-19 vaccine, but not from the flu vaccine. Complainant stated that due to her beliefs, she was prohibited from injecting a healthy body with known toxins and chemicals and that the vaccine may be harmful to her health or damage her immune system. On September 1, 2021, The Committee asked Complainant to explain why she was only requesting to be exempt from COVID-19 vaccine. Respondent also invited Complainant to supply supporting documentation she considered relevant to further consideration of the request. Respondent asserts that because Complainant did not state a sincere, religious conflict with receiving the COVID-19 vaccine, her request for exemption was denied on September 13, 2021. Decisions made by the Committee were final and could not be appealed, however Complainant could submit any additional information she wished to supply, which she did.

Between September 14, 2021 and October 14, 2021, Complainant contacted the Committee, Respondent's Office of General Counsel, and a manager in Respondent's the Office of Mediation, Coaching, Ombuds and Support Services asking that Respondent reconsider her request. On October 15, 2021, Respondent placed Complainant on an unpaid suspension until she was ultimately terminated on November 10, 2021 due to Complainant's noncompliance with Respondent's Vaccine Policy.

Summary of Investigation and Analysis

*Failure to Provide a Religious Accommodation*
To establish a *prima facie* case of discrimination based on Respondent's failure to accommodate her religious practice, Complainant must show that: (1) she had sincerely held religious beliefs that required her to follow, or refrain from, a certain practice; (2) she informed Respondent of her sincerely held religious beliefs or practice; and (3) Respondent refused to accommodate Complainant's sincerely held religious beliefs or practice. If Complainant proves her *prima facie* case, Respondent must then establish that it could not accommodate Complainant without incurring undue hardship.

Complainant alleges that her sincerely held religious belief prevents her from receiving the COVID-19 vaccine. On August 17, 2021, Complainant submitted a religious exemption request to be exempt from Respondent's COVID-19 Vaccine Mandate. While Respondent

Linda Denning v. Brigham and Women's Hospital, Inc.
21WEM02495                                                     2

asserts that it denied Complainant's request because she did not state a sincere, religious conflict with receiving the COVID-19 vaccine, the evidence provided by both parties shows that in her exemption request, and in subsequent documentation, Complainant expressed that her beliefs prohibit her from injecting a healthy body with "known toxins."

Respondent asserts that in her role as a Senior Database Project Manager, Complainant was responsible for assisting Respondent in the delivery of high-quality and safe patient care through research support and interactions with colleagues and patients. Complainant provided evidence to support her claim that Respondent had classified her as a remote employee. Respondent asserts that relying on alternative accommodations, including permanent remote work, would impose a costly, undue hardship on Respondent's organization; however, Respondent does not provide any evidence to support this assertion.

Given that there is evidence that Complainant was classified as a remote worker, whether exempting Complainant from the vaccine mandate would have created an undue hardship for Respondent is a material fact in dispute. The resolution of the foregoing is better left to a fact finder. A finding of Probable Cause is recommended.

*Termination on the Basis of Religion*
To establish a *prima facie* case of discriminatory termination based on religion, Complainant must show that (1) she is a member of the protected class, (2) she was adequately performing the duties of her job, (3) her employment was terminated, and (4) she was replaced by someone not of her protected class or her employment was terminated under circumstances that give rise to a reasonable inference of discrimination based on religion. If Complainant establishes the *prima facie* case, Respondent may show that legitimate, nondiscriminatory reasons exist for the termination. If Respondent succeeds in offering such reasons, Complainant must then show that Respondent's reasons are pretextual.

Complainant is a member of her protected class by virtue of her religion. Complainant alleges that she was adequately performing the duties of her job as a Senior Database Project Manager when Respondent terminated her employment on November 10, 2021. As discussed above, disputes of material fact remain. Respondent denied Complainant's religious accommodation request to be exempt from its COVID-19 Vaccine Policy and ultimately terminated Complainant's employment due to noncompliance with the policy. The evidence does not support Respondent's assertion that Complainant failed to explain how her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccine. Furthermore, Respondent provided insufficient evidence to show how granting the exemption would pose an undue hardship.

Based on the foregoing, it is more probable than not that Respondent committed an unlawful practice in violation of M.G.L. c. 151B. Accordingly, a finding of Probable Cause is recommended.

Linda Denning v. Brigham and Women's Hospital, Inc.
21WEM02495                                3

Conclusion

A finding of Probable Cause is recommended for Complainant's claim of discrimination based on religious creed against Respondent.

| /s/ Gina Leonard | /s/ Eric Allbright |
|---|---|
| Gina Leonard | Eric Allbright |
| Investigator | Attorney Advisor |

Disposition

Pursuant to section 5 of M.G.L. c. 151B, and in conformity with the foregoing findings, I have this day determined that **Probable Cause** exists for crediting the allegations of the complaint against Respondent(s). Pursuant to Section 5 of M.G.L. c. 151B, the parties will be afforded an opportunity to participate in a conciliation conference at the Commission.

| | August 19, 2024 |
|---|---|
| Monserrate Rodríguez Colón | Date |
| Investigating Commissioner | |

# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

From:

To:   Massachusetts Commission Against Discrimination
      One Ashburton Place, Room 601
      Boston, MA  02108

Re:   Denning v. Brigham and Women's Hospital, Inc.

MCAD Docket Number  21WEM02495  ; EEOC No: 16C-2022-00306

Dear Commissioner:

   I hereby request permission to withdraw my complaint filed with this Commission and if applicable, from the Equal Employment Opportunity Commission, for the following reason:

[X]   I wish to file a private right of action in civil court.

[ ]   I have reached a satisfactory settlement with the Respondent.

[ ]   I no longer intend to pursue this matter at the Commission.

Authorization for this request is indicated by the following <u>Certification of Withdrawal by Complainant</u>, **OR** <u>Certification of Authorization to Withdraw by Counsel</u>.

---

**Certification of Withdrawal by Complainant**

I have been advised that it is unlawful for any person or persons to threaten, intimidate, or harass me because I filed a complaint.  I have not been coerced into requesting this withdrawal.

_____                                        _____
Date                                                   Complainant's signature

                                                       _____
                                                       Print Name

---

**Certification of Authorization to Withdraw by Counsel**

I have been authorized as Counsel of Record for the Complainant and have the authority and permission to sign for the Complainant in this matter.  I have advised the Complainant that it is unlawful for any person or persons to threaten, intimidate, or harass him/her because s/he filed a complaint.  Complainant has represented that s/he has not been coerced into requesting this withdrawal.

2024-10-23                                             /s/ J. Mateus
Date                                                   Attorney signature

                                                       John Mateus
                                                       Print Name

---

MCAD Withdrawal Form December 2022

THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

## - DISMISSAL -

| To: | John G. Mateus, Esq.<br>Law Offices of John G. Mateus, Esq.<br>400 West Cummings Park, Suite 1725-119<br>Woburn, MA 01801 | **Case:** Linda Denning v. Brigham and Women's Hospital, Inc.<br>**MCAD Docket Number:** 21WEM02495<br>**EEOC/HUD Number:** 16C-2022-00306 |
|---|---|---|

Your complaint has been dismissed as follows:

[ ]   Pursuant to 804 CMR 1.08(1)(a) (2020), the Commission accords substantial weight to the findings or resolution of the complaint by another forum and has decided to close the investigation accordingly.

[✓]   Pursuant to 804 CMR 1.08(1)(b) (2020), the complaint is dismissed after being withdrawn pursuant to 804 CMR 1.04(12) (2020). You are required to file a copy of a complaint filed in court after withdrawal from the Commission with the Commission's Office of the General Counsel pursuant to 804 CMR 1.04(13) (2020).

[ ]   Pursuant to 804 CMR 1.08(1)(d) (2020), the complaint is administratively dismissed due to:

      [ ] bankruptcy of a party
      [ ] death of a party
      [ ] inability to locate a party after providing the party 30 days in which to respond to a notice sent to the party's last known address
      [ ] adjudication by another forum
      [ ] unreasonable refusal by complainant to cooperate with processing the case
      [ ] failure to participate
      [ ] refusal to accept a reasonable settlement offer
      [ ] other:

[ ]   Pursuant to 804 CMR 1.08(1)(e) (2020), the parties have settled the case.

[ ]   Pursuant to 804 CMR 1.08(4)(a)(5) (2020), the Commission has entered an order reversing a probable cause determination.

**Please note that further administrative or judicial review of the dismissal of your complaint is unavailable.**

_____     October 29, 2024
Monserrate Rodríguez Colón           Date
Investigating Commissioner

Cc: Kristin G. McGurn, Esq.

MCAD Docket Number 21WEM02495, Dismissal without Right to Appeal