# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA DENNING,<br><br>    Plaintiff,<br><br>v.<br><br>BRIGHAM AND WOMEN'S HOSPITAL, INC.,<br><br>    Defendant. | Case No. 1:24-cv-12980-JEK |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**I.      Introduction.**

Plaintiff's Opposition makes two critical concessions that underscore why dismissal of her statutory discrimination claims (Counts 1 and 2) is required. First, Plaintiff concedes that she has not exhausted her administrative remedies under Title VII. *See* Opp., ECF No. 15 at 6. Second, Plaintiff also appears to concede that her claim of religious discrimination under M.G.L. c. 151B ("Chapter 151B") is time-barred to the extent that it is predicated upon the denial of her religious exemption request. *See* Opp. at 5.

As to Plaintiff's common law claim for Intentional Infliction of Emotional Distress ("IIED") (Count 3), the Opposition whiffs altogether: Plaintiff makes no argument at all—let alone sufficient argument—as to how the Complaint's threadbare allegations of religious discrimination plausibly suggest that Brigham and Women's Hospital ("BWH") engaged in any conduct toward Plaintiff that could conceivably satisfy the "very high" standard required to prevail on a claim for IIED. *See* Opp. at 6-7 (omitting any argument regarding the sufficiency of Complaint's allegations

to satisfy the standard of extreme or outrageous conduct required in Massachusetts to establish an actionable IIED claim). That waiver alone warrants dismissal of Count 3.[1]

Given these concessions and waiver, the Opposition boils down to only one argument in defense of Plaintiff's failure to accommodate claim under Chapter 151B (Count 2). Plaintiff contends that her claim is timely because her *termination* occurred (albeit barely) within the statute of limitations. Opp. at 5. The problem with this argument is that Plaintiff's termination cannot give rise to a timely discrimination claim unless it was independently discriminatory. Yet the Complaint admits that Plaintiff was terminated because she did not comply with the Vaccination Policy, not because of her religion. As her termination was not independently discriminatory, Plaintiff cannot use it to pursue an otherwise time-barred failure to accommodate claim. Count 2 should therefore be dismissed.

II.   **Argument.**

   a. **Plaintiff Concedes that She Failed to Exhaust Administrative Remedies Under Title VII (Count 1).**

Plaintiff concedes that, "under current case law[,]" she has failed to satisfy the administrative prerequisites to suit under Title VII because she did not obtain a Notice of Right to Sue ("NORS") from the EEOC before filing her Title VII claim in court. *See* Opp. at 6. She has no choice but to concede that point, in view of the clear authority from the First Circuit and this Court dictating that conclusion. *See* MOL at 5-7. Accordingly, Count 1 of the Complaint must be dismissed for failure to exhaust administrative remedies. *See Schatz v. Republican State*

---

[1] Further, even if Plaintiff had not waived any defense of the merits of her IIED claim, this claim is barred under the exclusivity provision of the WCA, as BWH demonstrated in its Memorandum of Law ("MOL"). *See* MOL, ECF No. 14 at 14-16. As discussed *infra*, Plaintiff's inartful attempt to evade the exclusivity provision of the Commonwealth's Workers' Compensation Act ("WCA") relies on inapposite case law that carves out a narrow exception to the WCA for intentional tort claims against *individual co-workers* who act beyond the scope of their employment. That carveout does not apply here.

*Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012) (on motion to dismiss, court "can consider … concessions in plaintiff's response to the motion to dismiss") (internal quotation marks and citations omitted).[2]

### b. Plaintiff Waives Any Argument Regarding the Sufficiency of the Complaint's Allegations of IIED (Count 3), and Her Attempt to Evade the WCA's Exclusivity Provision is Without Merit.

Similarly, Plaintiff makes no argument at all regarding the sufficiency of the Complaint's allegations to sustain an IIED claim, despite that BWH demonstrated in its Motion that the IIED claim must be dismissed. *See* MOL at 16-18 (arguing that the Complaint fails to state an actionable IIED claim even assuming it were not precluded by the WCA); Opp. at 6-7. Plaintiff has therefore waived any argument against dismissal of her IIED claim. *See Rodriguez*, *supra* at note 2, 659 F.3d at 175.[3]

Further, the Opposition's suggestion that the Appeals Court's opinion in *Spagnuolo v. Holzberg*, 98 Mass. App. Ct. 661 (2020), allows her to evade the exclusivity provision of the WCA (*see* Opp. at 6-7) is without merit. *Spagnuolo* involved the assertion of an IIED claim against a plaintiff's former supervisor in his individual capacity. *Id.*, 98 Mass. App. Ct. at 661-62. The Appeals Court, applying *O'Connell v. Chasdi*, 400 Mass. 686 (1987), held only that the exclusivity

---

[2] In a throwaway sentence, Plaintiff states that she "objects" "for appeal purposes" to the case law requiring her to obtain a NORS from the EEOC. Opp. at 6. That lone sentence, devoid of any supporting authority or argument, is not sufficient to preserve the issue. *See*, *e.g.*, *Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011) ("It should go without saying that we deem waived … claims adverted to in a cursory fashion, unaccompanied by developed argument.").

[3] The only reference in the Opposition to BWH's argument concerning the sufficiency of the Complaint's allegations of IIED is a single clause of a section heading. *See* Opp. at 6 (Section E heading). This lone, conclusory statement in a heading is insufficient to avoid waiver. As the First Circuit observed recently, "a party cannot merely mention a possible argument in the most skeletal way to the district court[.]" *Zhou v. Desktop Metal, Inc.*, 120 F.4th 278, 288 (1st Cir. 2024) (argument not addressed in opposition to motion to dismiss brief deemed waived) (internal quotation marks and citation omitted).

315968768v.3

provision of the WCA "is not applicable when an employee brings an action *against a fellow employee* who commits an intentional tort which was in no way within the scope of employment furthering the interests of the employer." *Spagnuolo* at 665 (emphasis added) (*citing O'Connell*, 400 Mass. at 690). "That is not the situation here." *Uwakwe v. Pelham Acad.*, 286 F. Supp. 3d 213, 228 (D. Mass. 2017) (holding that employee's IIED claim against former employers was barred by the exclusivity provision of the WCA and distinguishing *O'Connell* because no claims were asserted against individual co-workers alleged to be acting beyond the scope of their employment). Indeed, as *Uwakwe* observed, *O'Connell* only applies when a plaintiff alleges that individual co-workers engaged in conduct outside the scope of their employment—thereby precluding, by definition, any basis for liability on the part of the employer entity:

> Although [P]laintiff makes no express allegations about whether the [alleged acts constituting IIED] by her co-workers were within the scope of their employment, the claim must be dismissed regardless: either they were acting within the scope of their employment, in which case the []WCA is plaintiff's only recourse, or they were not acting within the scope of their employment, in which case plaintiff has alleged no theory by which [BWH] should be responsible for their conduct.

*Id.*

So it is here. Plaintiff asserts no claims against individual co-workers, nor does she allege that any person engaged in conduct outside the scope of his or her employment. *Spagnuolo* and *O'Connell* thus are inapplicable. Count 3 of the Complaint must be dismissed.

### c. Plaintiff Cannot Use Her Termination To Salvage Her Time-Barred Failure to Accommodate Claim Under Chapter 151B (Count 2).

In its MOL, BWH demonstrated that Plaintiff's failure to accommodate claim under Chapter 151B (Count 2) is time-barred: a failure to accommodate claim accrues at the time the requested accommodation is denied, and it is undisputed that the denial of Plaintiff's religious exemption request occurred outside of Chapter 151B's three-year limitations period. *See* MOL at 7-12. In her Opposition, Plaintiff acknowledges that an employer's alleged denial of a requested

4

religious accommodation is a discrete act that triggers the statute of limitations. *See* Opp. at 5; *see*, *e.g.*, *Ocean Spray Cranberries, Inc. v. Massachusetts Comm'n Against Discrimination*, 441 Mass. 632, 645 (2004) ("When an employer refuses an employee's request for a reasonable accommodation, the refusal is a discrete discriminatory act triggering the statutory limitations period."). This admission is dispositive of her c. 151B claim (count II) as a matter of law.

> i. **Plaintiff's Termination for Non-Compliance With the Vaccination Policy Was Not Independently Discriminatory, and Therefore it Cannot Be Used to Revive Her Time-Barred Failure to Accommodate Claim.**

Despite the fact that the denial of her exemption request occurred outside of the limitations period, Plaintiff contends that she may press her time-barred failure to accommodate claim because her *termination* arguably occurred within the limitations period. *See* Opp. at 5. As BWH explained in its MOL, that argument is legally wrong. *See* MOL at 11-12.

To the contrary, in its seminal decision concerning accrual of discrimination claims, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court held that a plaintiff "could not use a termination that fell within the limitations period to pull in the time-barred discriminatory act." *Morgan*, 536 U.S. at 113. Rather, in order for a termination within the limitations period to give rise to a timely claim, the termination must be "independently discriminatory." *Id.* Plaintiff makes no argument, though, that her termination itself was "independently discriminatory," nor could she: it is beyond argument that, as a general matter, a healthcare system may lawfully require its employees to be vaccinated against particular infectious diseases. *See Biden v. Missouri*, 595 U.S. 87, 95 (2022) ("Vaccination requirements are a common feature of the provision of healthcare in America: Healthcare workers around the country are ordinarily required to be vaccinated for diseases such as hepatitis B, influenza, and measles, mumps, and rubella."). Consequently, Plaintiff's termination for failure to comply with the

5

Vaccination Policy, as alleged in the Complaint, was not "independently discriminatory," but rather was unlawful under Chapter 151B *only if* BWH was required (as Plaintiff claims) to grant Plaintiff a religious exemption from the Vaccination Policy as a reasonable accommodation to her religious beliefs or practices. *See* Compl., ¶¶ 22, 23. That is precisely the claim that is time-barred. Thus, under *Morgan*, Plaintiff cannot use her termination within the limitations period to pursue her time-barred failure to accommodate claim. *Morgan*, 536 U.S. at 113.

### ii. The Complaint Does Not Otherwise Plausibly Allege That Plaintiff's Termination was Motivated By Her Religion.

Relatedly, the Complaint alleges no facts otherwise supporting an independent disparate treatment claim on the basis of her termination under Chapter 151B. In particular, the Complaint contains no allegations suggesting that Plaintiff's religious beliefs or practices motivated the termination of her employment, or that she was singled out because of her religion for termination for non-compliance with the Vaccination Policy. For example, "[t]he [] Complaint does not identify any employees outside of [Plaintiff's] protected class who were treated more favorably than [s]he was; [s]he does not allege, for example, that colleagues of different religions or of no religion similarly declined to comply with the vaccination requirement and were permitted to keep their jobs, or that [s]he or [her] protected class were singled out with respect to the vaccination requirement." *Caspersen v. W. Union, LLC*, No. 23-CV-00923, 2023 WL 6602123, at *11 (D. Colo. Oct. 10, 2023) (in COVID-19 vaccine case alleging failure to accommodate employee's religious beliefs, dismissing religious discrimination claim premised on termination of employment); *Zerveskes v. Wentworth-Douglass Hosp.*, No. 24-CV-025-SE-TSM, 2024 WL 4301375, at *4 (D.N.H. Sept. 26, 2024) (in case challenging failure to grant employee's requested religious exemption to the Vaccination Policy, dismissing religious discrimination claims under Title VII and state law to the extent premised on theory that termination of employment itself,

6

rather than alleged failure to accommodate, was independently discriminatory). *See also Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 222 (1st Cir. 2007) (to prevail on a disparate treatment claim, "a plaintiff must show that others similarly situated to him in all relevant respects were treated differently by the employer") (internal quotation marks and quotations omitted).  To the contrary, the Complaint makes clear that Plaintiff was terminated "for refusing the COVID-19 vaccine[,]" not because of her religion. Compl., ¶ 8.

At bottom, the Complaint lacks any facts plausibly suggesting that Plaintiff was terminated because of her religious beliefs.  "[I]nstead, [her] allegations suggest only that [s]he was terminated for failure to comply with a condition of employment[,]" *viz.*, the Vaccination Policy.  *Caspersen*, 2023 WL 6602123, at *11.  Stated otherwise, Plaintiff's termination for failure to comply with the religiously neutral and universally applicable Vaccination Policy was not unlawful unless BWH was obligated to grant her requested religious exemption.  That failure to accommodate claim, however, is time-barred.  Consequently, Count 2 should be dismissed.

**III.    Conclusion.**

For all of these reasons, as well as those stated in BWH's MOL, BWH respectfully requests that this Court grant its Motion to Dismiss.

DATED: February 4, 2025   Respectfully submitted,

*/s/ Michael E. Steinberg*
Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Dawn R. Solowey (BBO No. 567757)
dsolowey@seyfarth.com
Michael E. Steinberg (BBO No. 690997)
msteinberg@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801

Attorneys for

BRIGHAM AND WOMEN'S HOSPITAL

8

315968768v.3

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2025, a copy of the foregoing document was filed electronically through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s Michael E. Steinberg*
Michael E. Steinberg

315968768v.3