UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LINDA DENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-12980-JEK |
| | ) | |
| BRIGHAM AND WOMEN'S HOSPITAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS**

**KOBICK, J.**

Linda Denning alleges that her former employer, Brigham and Women's Hospital ("BWH"), discriminated against her by denying her request for a religious exemption to its mandatory COVID-19 vaccine policy and subsequently firing her for refusing the vaccine. ECF 1-1, ¶¶ 5-10. Her complaint raises three claims: (1) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); (2) a violation of M.G.L. c. 151B, § 4; and (3) intentional infliction of emotional distress. *Id.* ¶¶ 11-27. After removing the case from Middlesex Superior Court to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, BWH has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The parties agree that the Title VII claim cannot proceed because Denning did not wait to receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing this lawsuit. ECF 14, at 5-7; ECF 15, at 5-6. Even where, as here, the plaintiff files an administrative complaint with the Massachusetts Commission Against Discrimination and the EEOC, she "must wait for . . . a right-to-sue letter" from the EEOC before asserting a Title VII

claim in federal court. *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009); *see* 42 U.S.C. § 2000e-5(f)(1) (EEOC must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent[.]"); *Franceschi v. U.S. Dep't of Veterans Affs.*, 514 F.3d 81, 85 (1st Cir. 2008) ("Right to sue letter refers to the notification required by 42 U.S.C. § 2000e-5(f)(1) as a necessary condition for a private suit." (quotation marks omitted)); ECF 1-1, ¶ 9. Since Denning has admittedly failed to exhaust her administrative remedies, BWH's motion to dismiss is granted as to the Title VII claim.

While "acknowledg[ing] that under current case law a 'right to sue' letter from the EEOC is required for a Title VII claim," Denning seeks to challenge "this standard for appeal purposes." ECF 15, at 6. However, Denning fails to articulate the basis for such an appeal. Without any argument to support her challenge to the notification requirement under 42 U.S.C. § 2000e-5(f)(1), the issue is not preserved for appeal. *See Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011) ("[W]e deem waived . . . claims adverted to in a cursory fashion, unaccompanied by developed argument."); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 19 (1st Cir. 2009) ("[I]ssues adverted to . . . in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned." (quotation marks omitted)).

BWH removed this case to this Court on federal question grounds based on the Title VII claim and invoked supplemental jurisdiction with respect to the two state law claims. ECF 1, ¶¶ 4-8. This Court "may decline to exercise supplemental jurisdiction" when, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 392 (1st Cir. 2014) (quoting *Carnegie-Mellon Univ. v.*

*Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the only federal claim at the initial pleading stage, the Court declines to exercise jurisdiction over the Chapter 151B and intentional infliction of emotional distress claims. *See Swartz v. Sylvester*, 53 F.4th 693, 703 (1st Cir. 2022) (affirming district court's decision not to exercise supplemental jurisdiction over state law claims after entering summary judgment on federal law claim); *Borras-Borrero v. Corporacion del Fondo del Seguro del Estado*, 958 F.3d 26, 36-37 (1st Cir. 2020) (same after granting motion to dismiss as to federal law claims). This action is, therefore, remanded to Middlesex Superior Court for resolution of Denning's two state law claims.

## CONCLUSION AND ORDER

For the foregoing reasons, BWH's motion to dismiss, ECF 13, is GRANTED in part and DENIED in part without prejudice. Count I of the complaint is dismissed, while Counts II and III are remanded to the Middlesex Superior Court.

SO ORDERED.

Dated: February 11, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE